UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW TORO,

                Plaintiff,

-v-

LINDENWOOD, INC.

                Defendant.

22-CV-8357 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This action is dismissed without prejudice for failure to prosecute.  On September 30, 2022, Plaintiff Andrew Toro sued Defendant Lindwood, Inc.  On December 1, 2022, the Court ordered Plaintiff to either (1) file a letter concerning the status of the case or (2) move for default judgment against the Defendant, noting that failure to do so might result in dismissal for failure to prosecute.  (*See* ECF. No. 6.)  To date, Plaintiff has not responded and Defendant has not appeared.

      Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Dismissal without prejudice is appropriate here.  Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay."  *Lesane*, 239 F.3d at 210.  Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."  *Id.* at 209.

Accordingly, this action is dismissed without prejudice to refiling.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April 12, 2023
       New York, New York

                                                    J. PAUL OETKEN
                                           United States District Judge